IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD W. STODULSKI, JR.      :      CIVIL ACTION
                               :
              v.               :
                               :
MEDLINE INDUSTRIES, INC.       :      NO. 10-2870

MEMORANDUM

McLaughlin, J.                                      May 7, 2012

        This case arises out of a series of grievances that the
plaintiff had with his former employer.  The operative complaint
("Am. Compl."), filed on January 13, 2012, brings claims for
employment discrimination under federal and Pennsylvania law,
related to a series of interactions in 2008 in which the
plaintiff alleges he was denied an opportunity to transfer
because of his disability.  The employer has moved to dismiss and
the Court will grant the defendant's motion.

I.   Procedural History

        Stodulski filed this action on June 15, 2010 against
Medline Industries, Inc. ("Medline") alleging employment
discrimination in violation of the Americans with Disabilities
Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq., and the
Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat.
§ 951 et seq.  The plaintiff simultaneously requested appointment
of counsel by the Court.  The plaintiff amended his complaint on
July 2, 2010 to assert claims against Michael Sjoerdsma,
Medline's President of Sales, and Frank Castro, Medline's Vice

President for Pennsylvania and Southern New Jersey.  Castro moved to dismiss the first amended complaint on August 9, 2010.  The next day, this matter was stayed pending a potential referral of the plaintiff's case to the District's employment litigation panel.

After attempts to obtain counsel for the plaintiff were unsuccessful, the case was removed from suspense on October 1, 2010.  On December 10, 2010, the case was returned to suspense during a related Department of Labor investigation.  The plaintiff informed the Court on July 22, 2011 that the investigation had concluded, and the case was taken out of suspense on August 8, 2011.  Medline and Sjoerdsma then separately moved to dismiss the amended complaint.  The Court found that all allegations of malfeasance occurring before January 23, 2008 were barred by the applicable statute of limitations, and granted all three motions to dismiss with prejudice except with respect to the plaintiff's claims dating to March 2008, in which the plaintiff requested a transfer.  The plaintiff was permitted to file another amended complaint setting forth the factual basis for any claims against Medline that were not time-barred.  Stodulski v. Medline Indus., Inc., No. 10-2870, 2011 WL 5942127 (E.D. Pa. Nov. 28, 2011).

The plainitff then filed the operative complaint on January 13, 2012.  The second amended complaint again argues that

Medline failed to facilitate the plaintiff's transfer and repeatedly states that the defendant failed to provide the plaintiff with a reasonable accommodation in the form of a transfer.  The defendant moved to dismiss this pleading on February 7, 2012, which the plaintiff opposed on March 9.

II.  Allegations of the Plaintiff[1]

        The plaintiff began working in the sales department of Medline in 2003 and disclosed that he was an individual diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and treated with the prescription drug Adderall.  Upon being trained, the plaintiff worked in the sales department for Medline in its Pennsylvania and Southern New Jersey territory.  After a series of negative interactions with his supervisor, Frank Castro, the plaintiff met with Castro's supervisor, Michael Sjoerdsma, to discuss his concerns and warn Sjoerdsma that he was planning on filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Stodulski agreed that Medline could have an opportunity to deal with the matter internally, and Sjoerdsma told him in January 2008 that he would be permitted "to seek other opportunities within Medline."  Stodulski v. Medline

---

[1] Although the operative complaint does not describe the relevant employment history, the Court summarizes it here to provide context for the events occurring in 2008.  Pursuant to its Memorandum and Order of November 28, 2011, the Court will not consider any allegations of malfeasance occurring before January 23, 2008 in ruling on the instant motion.

<u>Indus., Inc.</u>, No. 10-2870, 2011 WL 5942127 at *1-*2 (E.D. Pa. Nov. 28, 2011); Am. Compl. 2-3.

On March 20, 2008, the plaintiff discussed a sales opportunity with Medline's senior vice president for the west coast, David Struve, and the plaintiff "was encouraged to follow up with" him to obtain more details.  Throughout the spring and summer of 2008 it was explained to the plaintiff that the sales territory of southern California would result in a 50% reduction in his earnings.  The plaintiff argues that in offering such a transfer, the defendant "failed to provide a reasonable accommodation in the form of a transfer," as a result "rendering the denial or receipt of the transfer as an adverse employment action."  Am. Compl. 3.[2]  The plaintiff ultimately filed a charge of discrimination with the EEOC on November 18, 2008.

III. <u>Discussion</u>

---

[2] As with the last amended complaint, the operative complaint and opposition filed by the plaintiff contain descriptions of events that occurred following his filing with the EEOC.  The Court will not discuss these allegations because the only claims properly before the Court are those found in the EEOC charge.  <u>Ostapowicz v. Johnson Bronze Co.</u>, 541 F.2d 304, 398-99 (3d Cir. 1976) ("[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").  Relatedly, the plaintiff's opposition includes factual allegations and documents that describe events occurring more than 300 days prior to his filing of his charge of discrimination with the EEOC, and thus also will not be considered by the Court.  For the reasons stated in the Memorandum and Order of November 28, 2011, those claims are time-barred.

To state a prima facie case for discrimination under the ADA,[3] a plaintiff must allege that he has a disability, is a qualified individual, and suffered an adverse employment action because of that disability.  Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006).  The defendant assumes for the sake of argument that the first two criteria are met.  It argues that the plaintiff has not adequately pled the third element because the decision not to transfer was the plaintiff's own, and because the plaintiff has not pled facts that, if proven, would demonstrate that the plaintiff had requested the transfer because of his disability.  The Court addresses each of these arguments in turn.

The plaintiff has not shown that he suffered an adverse employment action on account of the transfer that he discussed, but never effected, with the defendant.  In its Memorandum and Order of November 28, 2011, the Court noted that the plaintiff had failed to identify any adverse action taken against him in March 2008.  2011 WL 5942127, at *4 ("[T]he plaintiff alleges no actions taken by Medline, Sjoerdsma, or Castro that were adverse.").  The operative complaint adds details as to the discussions the plaintiff had with Medline's representative for the southern California sales territory, but relies on the same

---

[3] The Court's analysis of the plaintiff's ADA claim applies equally to his PHRA claim.  Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

theory to argue that he suffered an adverse employment action. The allegations of the plaintiff merely show that he requested permission to seek out other opportunities within the firm--which was given--and when the details of the transfer position he had sought were not amenable to him, the plaintiff elected not to pursue it. See Pl.'s Opp. 1 (noting that his "choice was to take the transfer and 50% reduction of income or remain in the current territory"). As the Court concluded in its earlier opinion, these circumstances do not constitute an adverse employment action. 2011 WL 5942127, at *4 (citing Schofield v. Metropolitan Life Ins. Co., 252 F. App'x 500, 503-04 (3d Cir. 2007) (no adverse employment action on the basis of "mere requests, offers, or even threats to change positions" in Family Medical Leave Act case) and Ajayi v. Aramark Bus. Servs., Inc., 336 F.3d 520, 531 (7th Cir. 2003) (an employment action "which results in no material harm, is not materially adverse")).

        Nor can the plaintiff state a claim for employment discrimination on the basis of the defendant's alleged failure to provide a reasonable accommodation. An employer discriminates against a qualified disabled individual when it fails to "make reasonable accommodations to the known physical or mental limitations of the individual unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business the employer." Taylor v.

-6-

Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999) (citing 42 U.S.C. § 12112(b)(5)(A)).  Upon a request for accommodation, the employer is under a duty to engage in an "interactive process" with the employee to determine whether a reasonable accommodation can be made.  See id. at 311 (citing 29 C.F.R. § 16320.2(o)(3)).

However, the Court of Appeals for the Third Circuit has repeatedly made clear that the request for reasonable accommodation must be made with respect to the employee's disability and not some other factor.  See Colwell v. Rite Aid Corp., 602 F.3d 495, 506-07 (3d Cir. 2010) (an employee must put employer on notice "by direct communication or other appropriate means that the [employee] wants assistance for his or her disability"); Coneen v. MBNA Am. Bank, N.A., 334 F.3d 318, 332 (3d Cir. 2003) (plaintiff must "make clear" that "assistance for his or her disability" is sought); Jones v. United Parcel Serv., 214 F.3d 402, 407-08 (3d Cir. 2000) (an employee must demonstrate that he requested "accommodations or assistance for his or her disability").  The allegations of the plaintiff show that he sought a transfer in 2008 on account of friction he had been having with his supervisor, Castro, and not as an accommodation for his ADHD.

The plaintiff repeatedly argues that the defendant was aware of his disability.  The Court must accept this allegation

-7-

as true.  However, awareness of a disability does not render a defendant liable under the ADA unless the plaintiff or the surrounding circumstances make clear that a reasonable accommodation for the plaintiff's disability is necessary. <u>Colwell</u>, 602 F.3d at 506.  The circumstances as alleged here demonstrate that the plaintiff's difficulties with Castro were made clear to the defendant from the circumstances and by the plaintiff directly, and served as the basis for the plaintiff's request for a transfer.  This does not give rise to liability for failure to provide a reasonable accommodation for Stodulski's disability.

The plaintiff has failed to present facts stating a claim against Medline under the ADA under either a standard theory of discrimination or through failure to provide a reasonable accommodation.  The plaintiff has presented the factual basis for his claims under the ADA or the PHRA in the three pleadings filed in this matter, in opposition to the instant and earlier motions to dismiss, and at oral argument before the Court on November 10, 2011.  The Court therefore concludes that permitting the plaintiff to file an amended complaint against Medline would be futile, and will dismiss the complaint with prejudice.  <u>See</u> <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 236 (3d Cir. 2008).

An appropriate order will issue separately.